**BY ECF**                                                                                          July 24, 2018

**Honorable Analisa Torres, U.S.D.J.**

**United States District Court for the Southern District of New York**

**Daniel Patrick Moynihan United States Courthouse**

**500 Pearl Street, Courtroom 15D**

**New York, NY 10007**

Re:     *Polaris Images Corporation v. The Wrap News, Inc.,*

           *Docket No. 1:18-cv-06218 (AT)*

Dear Judge Torres,

      We represent Polaris Images Corporation "Polaris" in the above-referenced litigation. We respectfully write in response to the Court's Order to Show Cause why the action should not be transferred to the United States District Court for the Central District of California, Western Division.

      **1.    Plaintiff's Choice of Forum is Afforded Substantial Deference**

      In considering whether to transfer venue, the Second Circuit applies a two-part test. *See Smart Skins LLC v. Microsoft Corp.*, No. 14 Civ. 10149, 2015 WL 1499843, at *4 (S.D.N.Y. Mar. 27, 2015).  First, the court must determine whether the action could have been brought in the proposed transferee forum. *See AEC One Stop Grp., Inc. v. CD Listening Bar, Inc.*, 326 F.Supp.2d 525, 528 (S.D.N.Y.2004) (" 'The threshold question in deciding transfer of venue ... is whether the action could have been brought in the transferee forum.' "). Second, if the action could have been filed in the proposed transferee district, the court must then determine whether transfer is appropriate. *Freeplay Music, LLC v. Gibson Brands, Inc*., 195 F. Supp. 3d 613, 616 (S.D.N.Y. 2016)

      However, because the discretion under Section 1404 " 'must be exercised at the very outset of the case, when relatively little is known about how the case will develop, courts have typically accorded substantial weight to the [eighth] factor, plaintiff's choice of forum.' " *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F.Supp.2d 690, 695 (S.D.N.Y.2009); *see also Columbia Pictures Indus., Inc. v. Fung*, 447 F.Supp.2d 306, 309 (S.D.N.Y.2006) (" 'Absent a clear cut and convincing showing by defendant that the balance of convenience weighs strongly in favor of the transferee court, plaintiff's choice of forum will not be set aside.' ").  Here, a New York-based Plaintiff chose the present forum and unless the Court finds clear and convincing evidence that the balance of conveniences strongly favors the transferee court, the case should not be transferred.  [Dkt. #1, Complaint,  ("Compl.")  ¶5]

      **2.    All Factors Favor Keeping the Case in the Southern District of New York.**

Presuming the action could have been filed in the proposed transferee district, the court must then determine whether transfer is appropriate. Courts typically consider nine factors in this regard: "(1) convenience of witnesses; (2) convenience of the parties; (3) location of relevant documents and the relative ease of access to sources of proof; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) judicial economy and the interests of justice." *Frame v. Whole Foods Mkt., Inc.*, No. 06 Civ. 7058, 2007 WL 2815613, at *4 (S.D.N.Y. Sept. 24, 2007).

The first factor, the convenience of witnesses, is typically the most important consideration in deciding a motion to transfer venue. *See Tillery v. NYS Office of Alcoholism & Substance Abuse Servs.*, No. 13 Civ. 0035, 2013 WL 6405326, at *4 (S.D.N.Y. Dec. 5, 2013) ("This factor is 'traditionally viewed as the most important.' "). However, the convenience to non-party witnesses is accorded more weight than that of party witnesses. *Capitol Records, LLC v. VideoEgg, Inc.*, 611 F.Supp.2d 349, 366 (S.D.N.Y.2009).  Ordinarily, in a copyright infringement action, the key witnesses are those individuals who were involved in the production of the infringement. *See AEC One Stop Grp., Inc.*, 326 F.Supp.2d at 529.  In this straight-forward copyright infringement case, there are likely two witnesses at most and both are party witnesses. Even the author of the infringing article, employed by the Defendant, is based in New York[1]. Compl. ¶11 & Exhibit B.  There are no conceivable witnesses that are not based in New York, much less non-party witnesses.

The second factor also favors not transferring venue.  Though Defendant is based in California, Plaintiff is based in New York and so is the Defendant's employee who is responsible for the infringement.  Since the burden would solely shift from one party to the other, this factor weighs against transfer *See Kiss My Face Corp. v. Bunting*, No. 02 Civ. 2645, 2003 WL 22244587, at *3 (S.D.N.Y. Sept. 30, 2003) ("The convenience of the parties does not favor transfer when it would merely shift any inconvenience from defendant to plaintiff.").

The third factor does not favor transfer.  In copyright infringement cases most documents are electronic. *Frame*, 2007 WL 2815613, at *6 ("'[A]ccess to documents and other proof is not a persuasive factor in favor of transfer without proof that documents are particularly bulky or difficult to transport, or proof that it is somehow a greater imposition for defendant to bring its evidence to New York than for plaintiff to bring its evidence to [the moving party's proposed forum]."); *see also Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F.Supp.2d 690, 697 (S.D.N.Y.2009) ("This factor is neutral. Most, if not all, of the relevant documents in this case will be electronic, and Playlist will simply put them on disks and send them to plaintiffs.").  At worst, this factor is neutral.

---

[1] Mr. Geier is based in the greater New York City area according to his own LinkedIn account. *See* https://www.linkedin.com/in/thomgeier.   According to a Wikipedia article on the Defendant, it also has other editorial staff in New York.  *See* https://en.wikipedia.org/wiki/TheWrap.

The fourth factor similarly does not favor transfer.  In a copyright infringement case, "[t]he operative facts ..usually relate to the design, development[,] and production of an infring[ement]." *AEC One Stop Grp., Inc.*, 326 F.Supp.2d at 530; *see also Cartagena Enterprises, Inc. v. J. Walter Thompson Co.*, No. 13 Civ. 4238, 2013 WL 5664992, at *6 (S.D.N.Y. Oct. 16, 2013) ("[T]he locus of operative facts is clearly in Puerto Rico, where the infringing videos were created[.]"); *Freeplay Music, LLC v. Gibson Brands, Inc.*, 195 F. Supp. 3d 613, 619 (S.D.N.Y. 2016) ("the injury from a copyright infringement occurs where the copyrights are owned").  Here, the copyrights are owned in New York[2] by the Plaintiff and the infringement was created in New York, where the author of the infringing article is based.  Aside from the location of Defendant's business operations, there is no relevant connection to California.  Given that the operative facts and injury occurred in New York, that is an insufficient nexus to California.

The fifth factor favors keeping the venue in New York.  Given that there's no argument that non-party witnesses or Defendant's employees would be unwilling to testify in New York, this factor does not favor transfer.  Defendant's employee responsible for the infringement is again, based in New York.

The sixth factor does not favor transfer.  No District Court is more familiar with the cause of action for copyright infringement than the Southern District.

The seventh factor is neutral.  Both parties are corporations, lending little weight to any financial disparity between the two.

The eighth factor has already been briefly addressed above but bears repeating.  The plaintiff's choice of forum is given substantial deference especially if it is the plaintiff's home state or where the plaintiff is engaged in ongoing business activity. *See, e.g., Atl. Recording Corp.*, 603 F.Supp.2d at 698 ("The Second Circuit has consistently held that 'a plaintiff's choice of forum is presumptively entitled to substantial deference.' That presumption is even stronger where the chosen forum is also the plaintiff's home.") (internal citations omitted); *AEC One Stop Grp., Inc.*, 326 F.Supp.2d at 531 ("Where there is ongoing business activity in the chosen forum, however, plaintiff's choice of forum is given more deference...").  In this case, New York is Polaris' home state and where it engages in ongoing business activity.  Plaintiff's choice of forum should be given great deference.

Finally, the ninth factor does not favor transfer.  Since the Defendant has yet to appear in this matter, it would not be inefficient to transfer the case. *See, e.g., Frame*, 2007 WL 2815613, at *7 ("Since the case is at its earliest stages, there would be little loss in judicial economy by transferring the case.").

We thank the Court for its consideration of the arguments against the transfer of this Southern District-based copyright infringement claim to the United States District Court for the Central District of California, Western Division.

---

[2] Polaris is an exclusive licensing agent for the image the Defendant exploited.  Compl. ¶¶7,8.

Respectfully Submitted,

/s/Richard P. Liebowitz  
Richard P. Liebowitz  
Liebowitz Law Firm, PLLC  
11 Sunrise Plaza, Suite 305  
Valley Stream, NY 11580  
(516) 233-1660  
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Polaris Images Corporation*