```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
POLARIS IMAGES CORPORATION,

                        Plaintiff,

        -against-

THE WRAP NEWS, INC.,

                        Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/15/18__

18 Civ. 6218 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Polaris Images Corporation, brings this action against Defendant, The Wrap News, Inc., under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* Plaintiff alleges that, without its permission, Defendant used a copyrighted photograph owned by Plaintiff in an article on Defendant's website. Compl. ¶¶ 1, 11–12, ECF No. 1. Plaintiff has a principal place of business in New York, and alleges that Defendant is incorporated in Delaware and has a principal place of business in California. *Id.* ¶¶ 5–6.

On July 10, 2018, the Court ordered Plaintiff to show cause why venue is proper in this district. ECF No. 5. Plaintiff responded on July 24, 2018, arguing that venue is proper under the general federal venue statute, 28 U.S.C. § 1391(b). First Pl. Mem., ECF No. 6. That statute, however, does not apply to copyright actions. The relevant statute is 28 U.S.C. § 1400(a). *See AEC One Stop Grp., Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 528–29 (S.D.N.Y. 2004). Accordingly, on July 26, 2018, the Court ordered Plaintiff to file a second memorandum of law addressing whether venue is appropriate under 28 U.S.C. § 1400(a). ECF No. 8. On August 9, 2018, Plaintiff filed its second response. Second Pl. Mem., ECF No. 9.[1] For the reasons stated below, the Court concludes that venue does not lie in the Southern District of New York and directs the Clerk of Court to TRANSFER the action to the Central District of California, Western Division.

I.  Legal Standard

28 U.S.C. § 1400(a) states that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found." A corporate defendant "resides" or "may be found" wherever it is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(c)(2); *Cavu Releasing, LLC v. Fries*, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In order to

---

[1] In its second response, Plaintiff does not address whether venue is appropriate in this district under 28 U.S.C. § 1400(a). Rather, it proceeds from the premise that venue is statutorily permissible, and argues that, therefore, the Court should not exercise its discretion to transfer the case. *See generally* Second Pl. Mem. Plaintiff has, therefore, assumed the answer to the question on which it was ordered to show cause. The Court will not order a third response from Plaintiff, however, because it has sufficient briefing to decide the issue.

determine whether venue is proper, therefore, the Court must analyze whether it has personal jurisdiction over Defendant.

A court has personal jurisdiction over any defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). A court must have jurisdiction under both the state's long-arm statute and the Due Process Clause. *See Savin v. Ranier*, 898 F.2d 304, 306 (2d Cir. 1990).

To satisfy the requirements of due process, a court must have either general or specific jurisdiction over a defendant. A court has general jurisdiction over a corporate defendant where that corporation is "essentially at home in the forum State," which is usually where it is incorporated or has its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). A court has specific jurisdiction over a non-resident defendant when the defendant has "certain minimum contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Calder v. Jones*, 465 U.S. 783, 788 (1984) (ellipsis, internal quotation marks, and citation omitted). To establish minimum contacts, "the plaintiff first must show that his claim arises out of or relates to defendant's contacts with the forum state." *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 242 (2d Cir. 1999) (alterations, internal quotation marks, and citation omitted).

II. Analysis

In support of its argument that venue is proper here, Plaintiff attaches two exhibits to its first response. The first exhibit is the LinkedIn profile for the author of the article that published Plaintiff's photograph; it states that the author is currently Defendant's Managing Editor in "Los Angeles/New York." First Pl. Mem. Ex. A, ECF No. 6-1. The second exhibit is a Wikipedia article with respect to Defendant, which states that it has its headquarters in California with "additional editorial staff" in New York City. First Pl. Mem. Ex. B, ECF No. 6-2. In its second response, Plaintiff reiterates that it owns the copyright to the photograph and that it is based in New York. Second Pl. Mem. at 3.

Defendant is incorporated in Delaware and has its principal place of business in California. Compl. ¶ 6. The Court, therefore, lacks general personal jurisdiction under the Due Process Clause, and must analyze whether it has specific personal jurisdiction.

Plaintiff has not demonstrated that Defendant has "minimum contacts" with New York such that the Court has specific personal jurisdiction. The LinkedIn profile that Plaintiff cites states that in 2015, the time the article was apparently written, the author was based only in Los Angeles, California. First Pl. Mem. Ex. A; *see also* Compl. Ex. B, ECF No. 1-2. Additionally, although the Wikipedia article states that Defendant has "additional editorial staff" in New York City, Plaintiff does not allege that they were involved with the publication of the relevant article or the use of the photograph.

That Plaintiff, the owner of the copyright, is based in New York also does not confer specific personal jurisdiction. Plaintiff argues that under New York law, "the injury from a copyright infringement occurs where the copyrights are owned." Second Pl. Mem. at 3 (quoting *Freeplay Music, LLC v. Gibson Brands, Inc.*, 195 F. Supp. 3d 613, 619 (S.D.N.Y.

2

2016)).  However, this principle does not relate to the constitutional due process inquiry, but instead concerns the subsection of New York's long arm statute that confers jurisdiction over a non-domiciliary that "commits a tortious act without the state causing injury to person or property within the state."  *See Penguin Grp. (USA), Inc. v. Am. Buddha*, No. 09 Civ. 528, 2013 WL 865486, at *3 (S.D.N.Y. Mar. 7, 2013) (citing N.Y. C.P.L.R. § 302(a)(3)).[2]  In any event, allowing a plaintiff's contacts to decide the due process inquiry instead of a defendant's is forbidden.  *See Rush v. Savchuk*, 444 U.S. 320, 332 (1980).  Plaintiff has not demonstrated that the Court has jurisdiction over Defendant under the Due Process Clause.  Accordingly, venue is improper in this district.[3]

Under 28 U.S.C. § 1406(a), a district court faced with an improperly filed case has the option of either dismissing the case or transferring it to "any district . . . in which it could have been brought" if the transfer is "in the interest of justice."  "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court."  *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993).  A district court may transfer a case on a motion by either party or *sua sponte*.  *See Lead Indus. Ass'n v. OSHA*, 610 F.2d 70, 79 n.17 (2d Cir. 1979).  Whether to transfer an action requires a two-part inquiry: "[F]irst, whether the action to be transferred might have been brought in the transferee court; and second, whether considering the convenience of parties and witnesses, and the interest of justice, a transfer is appropriate."  *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) (internal quotation marks and citation omitted).

Here, transfer, rather than dismissal, is warranted.  Venue is proper in the United States District Court for the Central District of California, Western Division, because Defendant has its principal place of business in Los Angeles, California.  Compl. ¶ 6; *see also* 28 U.S.C. § 84(c)(2).  Transferring this case—and thereby allowing Plaintiff to proceed with its claims without re-filing the complaint and pleadings—would serve the interest of justice and promote convenience, fairness, and judicial efficiency.  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006); *see also Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (noting that transfer serves to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense" (internal quotation marks and citation omitted)).

---

[2] Moreover, even that subsection of New York's long-arm statute is not satisfied where, as here, the only alleged damages of a victim of digital piracy are the loss of potential licensing revenue from the infringer (as opposed to situations where the victim's rights to reproduce, prepare derivative works, distribute copies, or display the work publicly are infringed).  *See Freeplay Music, LLC v. Dave Arbogast Buick-GMC, Inc.*, No. 16 Civ. 442, 2017 WL 449913, at *3, 5 (S.D.N.Y. Jan. 18, 2017); *see also id.* at *7 ("[Otherwise,] posting copyrighted material to the Internet for any purpose—such as posting a copyrighted photo to Instagram or Facebook—would automatically cause an in-state injury to a New York copyright holder.").

[3] Because the Court holds that it does not have jurisdiction over Defendant under the Due Process Clause, it shall not address whether the exercise of jurisdiction would meet the requirements of New York's long-arm statute, N.Y. C.P.L.R. § 302.

3

The Clerk of Court is directed to TRANSFER this action to the United States District Court for the Central District of California, Western Division.

SO ORDERED.

Dated: August 15, 2018
New York, New York

_____
ANALISA TORRES
United States District Judge